## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WALKER,** | : | **CIVIL NO. 3:CV-06-1224** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOSEPH PIAZZA, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Michael Walker ("Walker"), a Pennsylvania state inmate currently

incarcerated at the State Correctional Institution at Coal Township, Coal Township,

Pennsylvania ("SCI-Coal Township"), initiated this action with the filing of a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He challenges his 2001 Court

of Common Pleas of Dauphin County convictions for nine armed robberies involving nine

separate victims. (Doc. 35; Doc. 37-11, at 40.) He is presently proceeding *via* an amended

petition. (Doc. 35.) For the reasons that follow, the petition will be denied.

## I.    Background & Procedural History

The criminal proceedings against Walker were initiated in Dauphin County and

unfolded as follows:

> Following a jury trial, a guilty verdict was rendered on nine counts of
> robbery and firearm charges. On April 12, 2001, the trial court sentenced
> [Walker] to an aggregated term of fifty-eight to one hundred sixteen years at
> a state correctional institution.

> [Walker] did not file an appeal from his judgment of sentence. On
> October 16, 2001, [Walker] filed a petition requesting relief under the Post
> Conviction Relief Act (PCRA), 42 PA.C.S. §§ 9541-9546, and was

subsequently granted allowance for appeal of his sentence *nunc pro tunc*. New counsel was appointed, and on November 19, 2001, [Walker] filed this appeal [ to the Superior Court of Pennsylvania], raising three issues for our review:

> 1. Whether trial counsel was ineffective for failing to file an omnibus pre-trial motion to sever the offenses.
>
> 2. Whether trial counsel was ineffective for failing to seek to exclude several in-court identifications of [Walker].
>
> 3. Whether trial counsel was ineffective for failing to file an omnibus pre-trial motion challenging the propriety of the search and seizure of [Walker's] vehicle and the voluntariness of [Walker's] consent to search the vehicle.

(Citation omitted.)

(Doc. 37-10, at 6.) The superior court found no merit to Walker's contentions and affirmed the judgment of sentence on August 26, 2002. Commonwealth v. Walker, 809 A.2d 967 (Pa. Super. 2002) (unpublished memorandum). (Doc. 37-12, at 1.) Walker did not seek review by the Pennsylvania Supreme Court. (Id.) However, he did pursue collateral relief as set forth below:

> On November 25, 2002, [Walker] filed a *pro se* PCRA petition. The PCRA court properly treated it as a first petition and appointed new counsel . . . (Citation omitted.) After counsel was appointed, [Walker] filed a motion seeking to represent himself *pro se*. The PCRA court conducted a hearing on February 6, 2003, to determine whether [Walker's] waiver of counsel could be accepted. At the hearing, it was agreed that appointed counsel would continue to represent [Walker] for the purposes of his PCRA petition.
>
> . . . On September 25, 2003, the PCRA court permitted appointed counsel to withdraw after reviewing counsel's "no-merit" letter filed pursuant to [Commonwealth v.] Turner[, 518 Pa. 491, 544 A.2d 927 (1988), and [Commonwealth v.] Finley[, 550 A.2d 213 (Pa. Super. 1988).] The PCRA court provided [Walker] with notice of its intention to dismiss the PCRA petition within twenty days. [Walker] filed no

response. On October 20, 2003, the PCRA court dismissed [Walker's] PCRA petition. [He] did not file a notice of appeal.

Thereafter, [Walker] filed a motion requesting the right to file an appeal nunc pro tunc from the order dismissing his PCRA petition. The PCRA court granted [his] request on December 15, 2003. [His] timely notice of appeal followed on January 7, 2004. . . .

[Walker's appeal of the PCRA court's findings to the Pennsylvania Superior Court] present[ed] six issues for consideration, which . . . have [been] paraphrased as follows: (1) Was trial counsel ineffective for failing to file an omnibus pre-trial motion to suppress [Walker's] warrantless arrest? (2) Was trial counsel ineffective for failing to object to prosecutorial misconduct relating to introduction of evidence regarding "prior convictions" and for making allegedly prejudicial comments during closing arguments? (3) Was appellate counsel ineffective for failing to raise trial counsel's alleged ineffectiveness on direct appeal? (4) Was PCRA counsel ineffective for filing a "no-merit" letter? (5) Did the PCRA court err or commit an abuse of discretion by denying [Walker's] right to proceed in his own behalf? (6) Did the PCRA court err or commit an abuse of discretion by failing to consider [Walker's] request for the appointment of Samuel C. Stretton, Esquire, to represent him throughout the PCRA proceedings?

(Doc. 37-12, at 1-3.) The Superior Court concluded that "the record supports the PCRA court's independent judicial determination that there is no basis for granting collateral relief in this case." (Id., at 12.) The order of the PCRA court was affirmed on June 6, 2005. (Id.) Walker sought an *en banc* reargument. (Doc. 37-12, at 15.) His request was denied on August 12, 2005. (Doc. 37-12, at 37.)

On September 9, 2005, he filed a petition for allowance of appeal to the Supreme Court of Pennsylvania raising the same issues identified as (1) through (4), *supra*. (Doc. 37-13, at 7,11,13-15.) On May 1, 2006, the Supreme Court of Pennsylvania denied the petition. (Id. at 20.)

The instant action was initiated on June 20, 2006. Since then, the petition has been amended three times. (Docs. 10, 33, 35.) The matter is presently proceeding on Walker's Amended Petition for Writ of Habeas Corpus (Doc. 35) filed on October 29, 2007 in which the following claims are raised:

(1) Trial counsel's ineffectiveness in failing to file an omnibus pre-trial motion to seek suppression of the warrantless arrest.

(2) Trial counsel's ineffectiveness in failing to exclude all in-court identifications.

(3) Trial counsel's ineffectiveness in failing to challenge the validity of the search and seizure of his vehicle.

(4) Trial counsel's ineffectiveness in failing to file a timely request for severance of trials.

(5) Trial court lacked subject matter jurisdiction due to prosecutor's failure to affix his signature to all bills of information.

(6) Trial court lacked subject matter jurisdiction based on Commonwealth's failure to provide him with a prompt determination of probable cause hearing.

(7) Trial court lacked subject matter jurisdiction because arrest was made without a warrant and probable cause.

(8) Trial counsel's ineffectiveness in failing to seek suppression of unsigned bills of information.

(9) Trial counsel's ineffectiveness in failing to:

A. Request or move for a pre-trial line-up.

B. Object to prosecutor's improper use of peremptory challenges.

C. Request sequestration of all prosecution witnesses.

4

D. Hire an expert witness in latent finger print identification.

E. Move for dismissal when the prosecutor violated his right to confront his accuser.

F. Properly advise him regarding waiver of his preliminary hearing.

G. Investigate and prepare a competent defense.

H. Engage in pre-trial investigation.

I. Object to the introduction of highly prejudicial gun evidence.

J. File an omnibus pre-trial motion excluding fingerprint evidence.

(10)    Appellate counsel's ineffectiveness in failing to:

A. Raise trial counsel's ineffectiveness.

B. Include significant and obvious appeal issues.

C. Raise trial court's denial of motion to suppress self-incriminating statements.

(11)    PCRA counsel was ineffective for failing to raise trial and appellate counsel's ineffective assistance.

(Doc. 35, at 1-17.) An answer and brief in opposition to the petition were filed on January 7, 2008. (Docs. 37, 37-2.) Walker filed his traverse on March 10, 2008. (Doc. 41). Review of pertinent documents revealed that respondents had failed to submit an answer addressing grounds five through eleven. An order was issued directing a supplemental response be filed addressing grounds five through eleven of the amended petition. (Doc. 49.) A supplemental answer, brief and appendix were filed by respondents on January 21, 2009. (Docs. 50, 50-2,

50-3.) Walker filed a supplemental traverse on June 3, 2009.[1] (Doc.56.) The petition is now ripe for disposition.

## II.  **Standards of Review**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts

---

[1]Walker requested, and was granted, two enlargements of time in which to file his supplemental traverse. (Docs. 53, 55.)

v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted). While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270, 277 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275).

The above rule requires a federal court to dismiss without prejudice habeas petitions that contain any unexhausted claims. Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). For claims that were not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility." Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001). Although futile claims are deemed exhausted for federal habeas purposes, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the

petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." McCandless, 172 F.3d at 260; see also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). To demonstrate "cause" for a procedural default, the petitioner must show that " 'some objective factor external to the defense ... impeded [his or her] efforts to comply with the [state] procedural rule.'" Leyva v. Williams, 504 F.3d 357, 366 (3d Cir.2007) (quoting Slutzker, 393 F.3d at 381); Murray v. Carrier, 477 U.S. 478, 488 (1986). The petitioner may demonstrate prejudice by establishing the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." Murray, 477 U.S. at 494. Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Once a court is satisfied that a merits review of a claim is warranted, section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits shall not be granted unless the decision is contrary to, or involves an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding. 28 U.S.C. 2254(d). AEDPA thus limits a federal court's authority to grant habeas relief when a state court has previously considered and rejected the federal claim on the merits.

To establish that the decision was contrary to federal law, "it is not sufficient for the petitioner to show merely that his interpretation of supreme court precedent is more plausible than the state courts; rather, the petitioner must demonstrate that precedent *requires* the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999) (emphasis in original). " 'Under the 'unreasonable application' clause [of § 2254(d)], a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' Jermyn v. Horn, 266 F.3d 257, 281-82 (3d Cir.2001) (quoting Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). In determining whether the state court unreasonably applied Supreme Court precedent, the question is whether the state court's application of federal law was objectively unreasonable, not whether the application was, in the judgment of the federal habeas court, erroneous or incorrect. Id. at 282." Siehl v. Grace, 561 F.3d 189, 195 (3d Cir. 2009).

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to

factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions) Matteo v. Superintendent, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp 2d at 296; see also Williams, 529 U.S. at 408-09.

## III. **Discussion**

A.   Claim two (in part), claim four (in part) claims five through nine, and claim ten (in part)

Walker's claims that the trial court lacked subject matter jurisdiction, issues five through seven, and trial counsel's ineffectiveness, listed as issues eight, nine, and portions of the second and fourth claims, as well as portions of appellate counsel's ineffectiveness

10

contained in claim ten, are unexhausted in that they were not presented to the state courts either on direct appeal or in collateral proceedings.[2] If he could still present these federal claims to the state courts, the petition would be dismissed without prejudice to his right to pursue the claims through a PCRA petition. However, the time for presenting the issues to the state court in another PCRA has expired. 42 PA. CONS. STAT. ANN. § 9545(b)(1).

The Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. <u>Commonwealth v. Fahy</u>, 558 Pa. 313, 737 A.2d 214 (1999);

---

[2]In claim two of his federal petition, Walker argues that counsel was ineffective for failing to exclude the in-court identifications made by nine witnesses. However, in the state court proceedings, on appeal, Walker claimed that trial counsel was ineffective in failing to seek to exclude the in-court identifications of Walker made by witnesses Barr, Waisar, Wiedl, and Wolcott. (Doc. 37-9, at 30-32). "[Walker] does not challenge the identifications made by five remaining victim witnesses," namely, Rodriguez, Shotzberger, Cavanaugh, Darrenkanp, and Beers. (Doc. 37-10, at 10.) Therefore, only the four identifications challenged on appeal have been presented to the state courts and will be considered on the merits in Section IIIB *infra*.

In his fourth claim, to the extent that Walker includes the word "timely" in his federal petition, the claim differs from that raised in state court. Specifically, on direct appeal, the issue raised in his brief to the superior court was whether "trial counsel was ineffective for failing to file an omnibus pretrial motion to sever the offenses." (Doc. 37-9, at 28.) A reading of the pertinent portion of the brief reveals that there is no reference to timeliness; simply, it is argued that counsel did not file a motion to sever. To the extent that petitioner now includes timeliness, that portion of the claim has never been presented to the state courts and is barred as it is procedurally defaulted. The claim that counsel failed to file a motion to sever will be considered on the merits in Section IIIB, *infra*.

Claim ten is an ineffective assistance of appellate counsel in failing to raise three separate issues. Of the three issues raised, only the first issue has been presented to the state courts and will be considered on the merits in Section IIIC, *infra*.

Commonwealth v. Banks, 556 Pa. 1, 726 A.2d 374, 376 (1999); Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 641 (1998). "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the following exceptions:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

§ 9545(b)(1)(i)-(iii). Walker does not argue that "the failure to raise the claim[s] previously was the result of interference by government officials. . . ." Nor could he argue that the "facts upon which the claim[s] [are] predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . ." The third exception is also unavailable; he does not argue that "the right[s] asserted [are] constitutional right[s] that [were] recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." He is therefore barred from proceeding further in state court.

Thus, exhaustion is excused but the claims are deemed procedurally defaulted. In

order to have the court consider the merits of his claims, Walker must show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse default. He merely argues that "even if claims are procedurally defaulted, the procedural default has been waived and thus exhaustion is excused on the grounds of comity." (Doc. 56, at 7) (citation omitted). He has not presented any evidence of his cause for default; nor has he demonstrated that a failure to review any of these claims would result in a fundamental miscarriage of justice. Consequently, he is precluded from pursuing ,laim two (in part), claim four (in part) claims five through nine, and claim ten (in part), in a federal habeas corpus petition.

### B.   Claims one, two (in part), three and four (in part)

The ineffective assistance of trial counsel claims found at one, a portion of those (four of the nine witness identification claims) contained in claim two, claim three, and a portion of four (failure to file an omnibus pretrial motion to sever) have been fairly presented to the state courts and are fully exhausted. Walker contends that the state court's decision with respect to these claims was contrary to or involved an unreasonable application of clearly established federal law. (Doc. 41, at 34.) Accordingly, these claims will be evaluated under § 2254(d)(1) which requires Walker to demonstrate that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

"Sixth Amendment claims of ineffective assistance of counsel are governed by

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which

qualifies as clearly established Federal law, as determined by the Supreme Court of the

United States." Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007) (internal quotation marks

and citation omitted). Since Strickland, the United States Supreme Court, as well as the

United States Court of Appeals for the Third Circuit, have emphasized the necessity of

assessing an ineffectiveness claim in light of all the circumstances. See Taylor, 504 F.3d at

430; Jacobs v. Horn, 395 F.3d 92, 107 (3d Cir. 2005) (citing Supreme Court and Third

Circuit cases). Under the Strickland test, a petitioner must show: (1) that counsel's

representation fell well below an objective standard of reasonableness; and (2) that there

exists a reasonable probability that, barring counsel's ineffectiveness, the result of the

proceeding would have been different. Strickland, 466 U.S. 668 at 688-96.

 To satisfy the first prong of the Strickland test, a petitioner must show that "counsel

made errors so serious that counsel was not functioning as 'counsel' guaranteed the

defendant by the Sixth Amendment." Id. at 687. In evaluating counsel's performance, a

reviewing court should be "highly deferential" and must make "every effort . . . to eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689,

Gov't of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). Moreover,

there is a "strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance; that is, the defendant must overcome the presumption

14

that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, at 689. (citation omitted).

To satisfy the second prong of the <u>Strickland</u> test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. <u>Id.</u> It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir.1999); <u>United States v. Fulford</u>, 825 F.2d 3, 9 (3d Cir.1987). In such a situation, the second prong of the <u>Strickland</u> test has not been satisfied.

    1.   *Claim one*

Walker contends that trial counsel was ineffective for failing to file an omnibus motion to seek suppression of his arrest without a warrant. It is his position that his arrest was "initiated and orchestrated upon uncorroborated and unsubstantiated information of informant, no probable cause existed." (Doc. 35, at 5.) This very issue was raised during collateral proceedings. In considering the claim on appeal from the PCRA court, the superior court utilized the following standard of review:

> To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [42 PA.C.S.A. § 9544(a)(2)]. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had not reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. <u>Payne</u>, 794 A.2d at 905-06. A finding of "prejudice" requires the

15

petitioner to show "there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different." Commonwealth v. Stevens, 559 Pa. 171, 180-81, 739 A.2d 507, 512 (1999). The law presumes that counsel was effective, and it is the petitioner's burden to prove the contrary. Payne, 794 A.2d at 906. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. Id.

(Doc. 37-12, June 6, 2005, Memorandum of the Superior Court of Pennsylvania at 4).

Although the superior court did not cite Strickland, the Third Circuit Court of Appeals has specifically held that Pennsylvania's ineffective assistance of counsel test is not contrary to Strickland. See Jacobs v. Horn, 395 F.3d 92, 106 n. 9 (3d Cir. 2005) (citing Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000)) (holding Pennsylvania's three-prong test corresponds with Strickland's two-prong test). Hence, the ineffective assistance of counsel test applied by the superior court in this case was not contrary to clearly established United States Supreme Court precedent.

Furthermore, an objective evaluation of the superior court's decision shows that it was not an unreasonable application of Strickland. The superior court opined as follows:

As the Commonwealth correctly notes, an arrest without a warrant is proper under Pennsylvania Rule of Criminal Procedure 502(2)(b) (arrest upon probable cause when the offense is a felony). In any event, had prior counsel challenged the arrest in an omnibus pre-trial motion, the remedy would not have been a discharge. Any allegation of impropriety in a warrantless arrest must be raised at the preliminary hearing or deemed waived. Pa.R.Crim.P. 109. It is well settled that an illegal arrest is not a bar to subsequent prosecution, nor is it a defense to a valid conviction. Commonwealth v. Carter, 537 Pa. 233, 248, 643 A.2d 61, 68 (1994) (citing United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980)). Moreover, our Supreme Court has held that "the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution as a subsequent indictment." Id. (quoting Commonwealth v. Krall, 452 Pa. 215, 219, 304 A.2d 488, 490 (1973)). We conclude that Appellant cannot demonstrate that

he was "prejudiced" within the meaning of Pennsylvania law by prior counsel's alleged default.

(Doc. 37-12, at pp. 5-6.) Walker argues that the superior court's reliance on <u>Carter</u> and <u>Crews</u> resulted in an unreasonable application of clearly established Federal Law. (Doc. 41, at 18.) He is mistaken. The superior court accurately depicted the case law. The Carter court stated "[a]s the court in Crews held, "[The Appellant] is not himself a suppressible fruit, and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." <u>Crews</u>, 445 U.S. at 474, 100 S.Ct. at 1251. Appellant's remedy is the suppression of the evidentiary fruits of the illegal arrest, not dismissal of the charges." <u>Carter</u>, 537 Pa. 233, 248. Walker did not pursue such relief at the preliminary hearing stage as he chose to waive the hearing. (Doc. 35, at 15.) According to the Pennsylvania Rules of Criminal Procedure, his ability to challenge the propriety of the arrest was waived. Because counsel cannot be ineffective for failure to raise a meritless claim, petitioner's counsel is not ineffective for failing to file an omnibus motion to suppress the warrantless arrest. <u>See</u> <u>U.S. v. Saunders</u>, 165 F.3d 248, 253 (3d Cir. 1999).

    2.    *Claims two (in part), three, and four in (part)*

These claims were addressed in the course of the direct appeal. In reviewing the claims, the Superior Court of Pennsylvania set forth the following standard of review established by the Pennsylvania Supreme Court:

The standard for proving ineffective assistance of counsel is well settled. Appellant

17

must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Commonwealth v. Pierce, 786 A.2d 203, 213 (Pa. 2001) (citation omitted).

(Doc. 37-10, August 26, 2002 Memorandum of the Superior Court of Pennsylvania at 6, 7).

As stated above, even though the superior court did not cite Strickland, the Third Circuit Court of Appeals has specifically held that Pennsylvania's ineffective assistance of counsel test is not contrary to Strickland. See Jacobs, 395 F.3d at 106 n. 9 (citing Werts, 228 F.3d at 204 (holding Pennsylvania's three-prong test corresponds with Strickland's two-prong test).

The court must now determine, through objective evaluation, whether the superior court's decision addressing these claims was a reasonable application of Strickland

      a.   *Claim two (in part)*

Walker contends that counsel was ineffective for failing to exclude the in-court identifications made by witnesses Barr, Qaisar, Wiedl, and Wolcott. In considering the claim on direct appeal, the superior court found as follows:

> To begin with, an accused does not have a constitutional right to a line-up and the suggestiveness of a courtroom identification is only one factor to be considered in determining the reliability of the identification evidence. Moreover, this jurisdiction has "declined to accept a *per se* rule that a pre-trial, pre-hearing lineup is mandatory in all cases." *A fortiori*, counsel's failure to request a lineup or failure to object to identification testimony is not *per se* ineffective assistance.

> Commonwealth v. Davis, 439 A.2d 195, 200 (Pa. Super. 1981)(citations omitted). Second, Appellant must demonstrate that he was harmed by the alleged ineffective

18

assistance in order for his IAC claim to prevail. <u>Commonwealth v. Griffin</u>, 515 A.2d 865, 871 (Pa. 1986). We find that as the remaining evidence against him is overwhelming, Appellant has failed to demonstrate prejudice.

(Doc. 37-10, at 8-9.) The superior court then concluded that based on the record, "that but for the trial counsel's challenged omission, the outcome of the proceeding would have remained unchanged." (<u>Id.</u> at 9.). In support of this conclusion, the court noted that Walker made both verbal and written confessions detailing each of the nine armed robberies. Every confession contained information that matched the witness' testimony, including physical descriptions of the victim store clerks. In addition, he physically directed police to the location of each armed robbery in order to ensure an accurate confession. It was further noted that all in-court identification included clear and like physical descriptions such as the wearing of small oval shaped wire eyeglasses and the fact that he had a hood pulled over his head. Fingerprint evidence was relied on as well as the fact that signature behavior was exhibited at each of the nine robberies. (<u>Id.</u> at 9-10.) The court summarized as follows:

> Moreover, because a review of the totality of the circumstances revealed that the identification testimony was reliable, and because we find the remaining evidence to be overwhelming, we conclude that Appellant has failed to demonstrate prejudice. <u>See</u> <u>Davis</u>, 439 A.2d at 200 (where a review of the totality of the circumstances revealed that the identification testimony was reliable, and even if the in-court identification were considered to be suggestive, the record established other evidence connecting the appellant to the crime).

(Doc. 37-10, at 8-9.)

Walker contends that the manner in which the in-court identifications were conducted was unduly suggestive. Specifically, he states that it was "fundamentally unfair and highly

prejudicial to have allowed all prosecution's witnesses to make an in-court identification of petitioner. Certainly, when a witness is subpoened [sic] to testify at trial, there is a high degree of certainly [sic] that the witness will identify the person seated next to defense counsel as the perpetrator of the crime." (Doc. 41, at 36.) In support of his position he relies on the case of Thomas v. Varner, 428 F.3d 491 (3d Cir. 2005). (Doc. 41, at 34.)

Thomas is distinguishable. In Thomas, the witness was unable to make an identification at the pretrial hearing, but made a spontaneous in-court identification at trial and counsel failed to object or move to suppress the identification. It was discovered that the witness would not have made the identification if a detective had not strongly suggested that the two pictures highlighted were of the perpetrators. Thomas, 428 F.3d at 496. The court found that counsel's failure to move to suppress or otherwise object to the in-court identification by the prosecution's central witness, when there were compelling grounds to do so, was not objectively reasonable representation, absent some informed strategy. (Id. at 501). In the matter *sub judice*, Walker fails to set forth compelling grounds of undue suggestiveness such that counsel should have objected to or moved to suppress the identifications.

Further, in reviewing such a claim under the prejudice prong, the Thomas Court made it clear, based on United States Supreme Court precedent, "that undue suggestiveness alone does not require suppression; rather, this Court must consider 'whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure

20

was suggestive." 428 F.3d at 503 (quoting <u>Neil v. Biggers</u>, 409 U.S. 188, 199 (1972)). Factors to be considered in evaluating the likelihood of misidentification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. <u>Biggers</u>, 409 U.S. at 199-200. As evidence from the quoted passage above, the superior court engaged in a totality of the circumstances analysis.

The above objective evaluation of the superior court's decision shows that it was not unreasonable. This claim is without merit.

b.    *Claim three*

It is also claimed that trial counsel was ineffective for failing to challenge the search and seizure of Walker's vehicle and the voluntariness of his consent to search the vehicle. (Doc. 35, at 8.) In challenging the superior court decision, in his federal petition, Walker raises the issues of coerciveness and lack of probable cause on the part of the officers. These are the identical claims he raised on direct appeal. In considering the issue, the superior court reviewed the totality of the circumstances surrounding the search of the vehicle and concluded that Walker voluntarily consented to the search and, thus, his ineffective assistance of counsel claim was without merit. (Doc. 37-10, at 12.) The pertinent facts were summarized as follows:

There is no doubt that as a result of an ongoing criminal investigation, Susquehanna Township police arranged to locate and arrest Appellant on July 11, 2000. Once located, Appellant was observed to be the sole occupant in a stationary or parked vehicle. It is undisputed that Appellant was arrested and then read his Miranda rights prior to a request to search the vehicle. The record reveals no evidence to suggest interrogation or threats. While it is a fact that four police officers were present at the time of Appellant's arrest, we do not find this display of authority to be excessive when considering the investigative facts that suggest an armed and potentially dangerous suspect. We further consider that Appellant consistently offered to cooperate with police during and after his arrest. Appellant admits that he signed a waiver of rights, indicating that he understood his rights and was willing to speak to the police. N.T. Trial 3/12/01, at 172. Appellant admitted his criminal involvement in a signed statement to police, and even made further effort to re-contact police days later to volunteer a second confession in connection with a ninth armed robbery. Additionally, Appellant offered to direct police to the store locations in question. This behavior suggests that Appellant may have felt that his best course of conduct was cooperation. We find this behavior to be consistent with the alleged voluntary consent.

Moreover, we find that Appellant fails to put forward any evidence of coercion. Likewise, Appellant does not articulate an argument as to the propriety of the vehicle search in light of a valid consent to search. Accordingly, we conclude that the factors advanced by Appellant in support of his claim are not so significant as to outweigh the cumulative impact of the aforementioned factors. Consequently, we conclude that the totality of the circumstances evinced in the record militates in favor of a voluntary consent to search, and therefore, we find that Appellant's third IAC claim is without merit.

(Doc. 37-10, at 12-13.) As noted above, Walker simply reiterates the arguments he made in

state court and fails to demonstrate that the state court unreasonably applied the Strickland

standard. He will be denied relief on this claim.

c.    *Claim four*

In his fourth claim for relief, Walker challenges trial counsel's failure to timely move

to sever the nine armed robberies from one another for the purpose of trial. (Doc. 35, at 9)

(emphasis added). To the extent that petitioner now includes timeliness, that portion of the claim has never been presented to the state courts and is barred as it is procedurally defaulted. (See Section IIIA, *supra*). However, to the extent that he contends that counsel did not file a motion to sever, the superior court summarily disposed of the claim as follows:

> The certified record belies this claim. Herein, the record reveals that trial counsel did file a motion for severance on March 8, 2001. In that motion, Appellant moved to sever his cases to avoid prejudice. On March 9, 2001, the trial court denied the motion as untimely, but specifically noted that it found Appellant's cases to be properly joined for trial. Accordingly, we conclude that Appellant has failed to demonstrate that counsel rendered ineffective assistance as alleged in his first IAC claim.

(Doc. 37-10, at 7-8.) The superior court alternatively addressed the merits of the motion and found that the charges were properly joined for trial. Walker fails to demonstrate that the superior court unreasonably applied the Strickland standard with regard to this claim.

C.   Claim Ten (in part)

Walker contends that appellate counsel was ineffective in failing to raise trial counsel's failure to file an omnibus pre-trial motion to suppress the warrantless arrest. This issue was raised during the PCRA proceedings, at which time the superior court found that there could be no ineffective assistance of appellate counsel because they had already addressed the substantive claims underlying the allegations of appellate ineffectiveness and found them to be meritless. (Doc. 37-12, at 8.). Specifically, the issue of trial counsel's decision not to file an omnibus pre-trial motion on the issue of the warrrantless search was addressed in the same opinion and found to be without merit. (Id. at pp. 4-6.) As stated

23

above, because counsel cannot be ineffective for failure to raise a meritless claim, petitioner's appellate counsel is not ineffective for failing to raise trial counsel's ineffectiveness with regard to this issue. See U.S. v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999).

Notably, counsel is not ineffective for failing to raise all possible claims of error on appeal. Counsel may exercise his or her professional judgment as to which claims to pursue. See Jones v. Barnes, 463 U.S. 745, 750-54 (1983) (decision of what issues to raise on appeal is charged to counsel; counsel need not assert every non-frivolous issue to guard against subsequent claim of ineffectiveness). Thus, it is not inappropriate for counsel, after consultation with his client, to override the client's wishes when exercising professional judgment regarding which issues to pursue on appeal. Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir.1996).

D.     Claim Eleven

In his eleventh claim, Walker alleges ineffective assistance of PCRA counsel. Prisoners do not have a constitutional right to counsel in a state post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Tillett v. Freeman, 868 F.2d 106, 108 (3d Cir.1989). Consequently, there is no Sixth Amendment right to effective assistance of counsel in state post-conviction proceedings. Tillet v. Freeman, 868 F.2d 106, 108 (3d Cir.1989); David v. Price, 1998 WL 404456, at *3 (E.D.Pa. July 15, 1998). A petitioner's ineffective assistance of PCRA counsel claim does not arise under the Constitution or laws of

the United States, and is not cognizable under 28 U.S.C. § 2254.[3]  28 U.S.C. § 2254(i);.

accord <u>Coleman v. Thompson</u>, 501 U.S. at 756-57.

## IV.   <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of

appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of

the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322

(2003).  There is no basis for the issuance of a COA.

---

[3]Pennsylvania provides a right to effective assistance of post-conviction counsel. <u>Commonwealth v. Albrecht</u>, 554 Pa. 31, 44, 720 A.2d 693 (1998). The state rule, however, does not implicate the federal constitution, <u>see</u> <u>Abu-Jamal v. Horn</u>, 2001 WL 1609761, at *7 n. 15 (E.D.Pa. Dec.18, 2001) (Yohn, J.), and a claim that arises under state law does not provide a basis for federal habeas review or relief.  <u>Estelle</u>, 502 U.S. at 67-68; <u>Johnson v. Rosemeyer</u>, 117 F.3d at 109.

## VI.    Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus will be denied.

BY THE COURT:

**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:   September 18th, 2009

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WALKER,      :     CIVIL NO. 3:CV-06-1224
        Petitioner    :
                      :     (Judge Munley)
      v.            :
                      :
JOSEPH PIAZZA, et al.,    :
        Respondents  :

## ORDER

**AND NOW**, to wit, this 28ᵗʰ day of September 2009, upon consideration of the

amended petition for writ of habeas corpus (Doc. 35), and for the reasons set forth in the

foregoing memorandum, it is hereby ORDERED that:

1.    Petitioner's claim two (in part), claim four (in part), claims five through nine, and claim ten (in part) are DENIED due to procedural default.

2.    All remaining claims presented in the petition are DENIED based upon petitioner's failure to demonstrate that the applicable state court decisions were either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

3.    The Clerk of Court is directed to CLOSE this case.

4.    There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court