# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WALKER, | No. 3:06-CV-01224 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| JOSEPH PIAZZA, | |
| Respondent. | |

## MEMORANDUM OPINION

### AUGUST 22, 2023

In 2001, petitioner Michael Walker was convicted and sentenced in the Court of Common Pleas of Dauphin County for the commission of nine armed robberies. He has attempted—unsuccessfully—to collaterally challenge those convictions in state and federal court on numerous occasions. In 2009, this Court denied Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Walker now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), his second such motion. Because Walker's motion is not a true Rule 60(b) motion, the Court must dismiss it for lack of jurisdiction.

## I.    BACKGROUND

The Court need not rehash the extensive state-court proceedings in this matter, as they are fully set forth in the September 2009 opinion denying Walker's

---

[1] The late Honorable James M. Munley denied Walker's Section 2254 petition.

Section 2254 petition.[2] The Court does note that, approximately 11 years after the denial of Walker's Section 2254 petition, he filed his first motion for relief under Federal Rule of Civil Procedure 60(b)(6).[3] That motion was deemed to be a proper Rule 60(b) motion, as it "challenge[d] procedural default rulings" and did not "raise a new claim or attack the prior resolution of claims on the merits[.]"[4] Nevertheless, the motion was ultimately denied.[5]

Walker now attempts to assert another Rule 60(b)(6) challenge. This time, however, Walker's motion is not a "true" Rule 60(b) motion. Rather, it is a disguised second or successive Section 2254 petition and must be dismissed for lack of jurisdiction.

## II.    DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b).[6] Relief under Rule 60(b)(6) should be granted in only "*extraordinary circumstances* where, without such relief, an extreme and unexpected hardship would occur."[7] In the habeas context, Rule 60(b)

---

[2] *See* Doc. 57 at 1-3.
[3] *See* Doc. 63.
[4] Doc. 57 at 2 n.7 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535-38 (2005)).
[5] *See id.* at 3.
[6] FED. R. CIV. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).
[7] *Cox*, 757 F.3d at 120 (emphasis added) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances").

motions cannot be used to circumvent the AEDPA's statutory restrictions on filing second or successive habeas petitions.[8] Thus, Rule 60(b) motions that bring new claims or "attack the federal court's previous resolution of a claim on the merits" are not true Rule 60(b) motions but are instead disguised second or successive habeas petitions and must be treated as such.[9]

In the instant Rule 60(b)(6) motion, Walker attempts to assert new claims of ineffective assistance of trial counsel based primarily on "new evidence" of "alternative suspects" who may have committed the armed robberies for which he was convicted.[10] Walker asserts that this evidence was known and available to his trial counsel, and that his attorney was ineffective for pursuing these leads or presenting this information to the jury.[11]

Walker's Rule 60(b)(6) motion fails for two reasons. First, Walker is not attempting to reopen his Section 2254 case and challenge some procedural aspect of it, nor is he alleging a "defect in the integrity of the federal habeas proceedings."[12] Instead, Walker is attempting to raise new ineffective assistance claims that were not presented in his initial petition.[13] Walker cannot do so

---

[8] *See Gonzalez*, 545 U.S. at 531-32.
[9] *Id.* (emphasis omitted).
[10] *See generally* Docs. 57, 83.
[11] *See* Doc. 83 at 1-2, 7.
[12] *Gonzalez*, 545 U.S. at 532.
[13] *See* Doc. 57 at 4-5 (listing Walker's numerous Section 2254 grounds for relief, none of which overlap with his claims in the instant Rule 60(b) motion).

3

through a Rule 60(b) motion.[14]  Congress has specifically barred such "second or successive" Section 2254 petitions unless the petitioner obtains preauthorization from the court of appeals.[15]

Walker attempts to rely on *Reeves v. Fayette SCI*,[16] but that reliance is misplaced.  In *Reeves*, the petitioner filed an out-of-time initial Section 2254 petition and sought to excuse his untimeliness through a gateway showing of actual innocence.[17]  Walker, on the other hand, has already filed a timely Section 2254 petition, amended that petition numerous times, and received a decision on the merits.[18]  He is now attempting to raise novel or additional Sixth Amendment claims that were never previously asserted.  The *Reeves* decision, therefore, is inapposite.[19]

If Walker is now claiming that there is "new evidence" showing his actual innocence, he must satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B)[20] and, before filing a second or successive petition raising such a claim in this Court, he

---

[14]  *See Gonzalez*, 545 U.S. at 531-32.
[15]  *See* 28 U.S.C. § 2244(b)(2)-(3).
[16]  897 F.3d 154 (3d Cir. 2018).
[17]  *See id.* at 157, 160.
[18]  *See generally* Doc. 57.
[19]  *See also Cox*, 757 F.3d at 118, 120 (noting that petitioner was asserting a Rule 60(b)(6) challenge seeking relief from previous Section 2254 dismissal based on procedural default).
[20]  Section 2244(b)(2)(B) requires that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[,] and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[21] Consequently, Walker's instant Rule 60(b) motion—which is actually a second or successive Section 2254 petition—must be dismissed for lack of jurisdiction.[22]

Second, even if the Court could consider Walker's Rule 60(b)(6) motion, he has not established "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."[23] Walker's "new evidence" appears to be information from the police investigation that occurred over two decades ago.[24] These documents, which Walker admits were available since his prosecution in 2000, do not come close to establishing the requirements for Rule 60(b)(6) relief. Although they discuss other leads considered during the investigation, they do not override or diminish Walker's verbal and written confessions to the police, including when Walker voluntarily accompanied police to "physically point out the locations" of some of the armed robberies he had committed.[25] And they certainly do not, as Walker claims, "demonstrate[] that [he] did not commit these crimes."[26] Walker, therefore, has not established the "extraordinary circumstances" required for Rule 60(b)(6) relief, so even if the

---

[21] 28 U.S.C. § 2244(b)(3); *see Gonzalez*, 545 U.S. at 531-32.
[22] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[23] *Cox*, 757 F.3d at 120.
[24] *See* Docs. 83-2, 83-3, 83-4, 83-5, 83-6.
[25] Doc. 37-10 at 4 (*Commonwealth v. Walker*, No. 1934 MDA 2001, at 2 (Pa. Super. Ct. Aug. 26, 2002) (nonprecedential)).
[26] Doc. 83 at 5.

5

Court could consider his motion, it would be denied.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Walker's Rule 60(b)(6) motion (Doc. 83) for lack of jurisdiction because it is actually a second or successive petition under 28 U.S.C. § 2254.[27]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[27]  The Court will also dismiss as moot Walker's motion to substitute parties, (Doc. 84), and motion for leave to proceed *in forma pauperis*, (Doc. 86).

6